## Case No. 11,885.

### ROBBINS v. PEOPLE'S INS. CO.

[2 N. J. Law J. 213.]

Circuit Court, D. New Jersey. April 19, 1879.

INSURANCE — FIRE — POLICIES—APPORTIONMENT—RULE.

When a policy of fire insurance contains a clause that in case of any other insurance the assured should be entitled to receive of the company no greater proportion of the loss sustained than the loss bore to the whole amount insured, the adjustment is made by the following proportion: As the total insurance of a person insured is to his total loss, so is the company's policy to that part of the loss for which it is liable to that person.

On motion for a new trial.

Mr. Winslow, for motion.

Mr. Abbett, contra.

NIXON, District Judge. There were only two points about which the court entertained serious doubt at the trial. 1st. Whether it should have been left to the jury to ascertain from the evidence the intention of the parties to the policy to include the property of the American Watch Company. 2d. Whether the computation of the amount of the defendants' liability was made on correct principles. The defendants cannot complain of the ruling of the court on the first point, as it was in their favor. If there was such latent ambiguity in the phraseology used to describe the property insured as to warrant the court to leave the intention of the parties to the jury, their decision is final. If there was not, no injury has been done, as the finding of the jury is in accordance with the view of the court in regard to the meaning of the contract. With reference to the second point, we are satisfied that the ascertainment of the sum due from the defendant company was made under the true and proper rule. The defendants' policy contained the usual condition that, in case of any other insurance upon the property therein insured, the assured should be entitled to receive of the company no greater proportion of the loss sustained than the sum therein insured bore to the whole amount insured. There was other insurance upon the property of the American Watch Company. The aggregate amount on the property was $107,000. The loss was adjusted at $85,500. Deducting from the defendants' policy the one-sixth of their conceded liability to Robbins and Appleton, to wit, $500, such a method of apportionment and adjustment must then be adopted as will secure a pro rata payment from the different companies, and at the same time will secure to the assured the whole

amount of their loss. The insurance exceeding the loss, the rule may be thus stated: As the total insurance of the watch company ($107,000) is to their total loss ($85,500), so is the defendants' policy (first deducting the amount due thereon to Robbins and Appleton, $4,500) to the proportion of the loss for which the defendant company is liable to the watch company ($3,595.79), to which add the Robbins and Appleton loss, of $500, and we have the amount of the verdict. This mode of calculation was approved by the supreme court of Missouri in Angelbrodt v. Delaware Mut. Ins. Co., 50 Mo. 595, where, as in the present case, the different insurers were called on for a pro rata contribution to make good the loss. The same rule seems to have been adopted by the supreme court of Pennsylvania in the more recent cases of Royal Ins. Co. v. Roedel [78 Pa. St. 19]. Although there is a great conflict of opinion on this subject in different courts, we are quite sure that the foregoing is in harmony with the doctrine of the supreme court of the United States in the case of Home Ins. Co. v. Baltimore Warehouse Co., 93 U. S. 527, and that there was no error in the charge in this respect. Motion for a new trial denied.

[For a similar case by the plaintiffs against the Fireman's Fund Insurance Company of San Francisco, based upon the same state of facts, see Case No. 11,881.]